UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Matter of                                                                              04 Civ. 02984 (JFK)
Sands Brothers, Inc.
                                                                                             The Honorable
                      Petitioner,                                          John F. Keenan

    -against-                                                           **Affirmation in Opposition
                                                                                           to Motion to Vacate TRO
New York Stock Exchange                                             And Motion to Dismiss**
                      Respondent,
-----------------------------------------------------------------X

       Petitioner's Counsel, Liam O'Brien, respectfully shows and affirms:

1.    I am an attorney licensed to practice law before the United States District Court for the Southern District of New York and am a member of the bar in good standing.

2.    Sands Brothers is a broker-dealer and a member firm of the National Association of Securities Dealers.

3.    The litigation before this Court arises from the actions taken by the New York Stock Exchange immediately before the commencement of the scheduled NYSE arbitration hearing captioned, <u>Chiao Lan Huang v. Sands Brothers & Co., Ltd., et. al.</u>, NYSE Arbitration No. 01-009338. Claimant Chiao Lan Huang was a customer of Sands Brothers.

4.    Pursuant to the terms of Ms. Huang's new account agreement, Ms. Huang sought to arbitrate a dispute with Sands Brothers through the New York Stock Exchange ("Exchange").

5.    The hearing was scheduled for April 19-21, 2004 in California.

6. On Friday, April 16, 2004, the Exchange replaced two of the three hearing arbitrators. Notice of the replacement was not sent until after the close of business on Friday.

7. Notice was not received by Counsel for Sands Brothers until April 19, 2004, the first day of the scheduled arbitration hearing. At which point, Richard Roth, arbitration counsel for Sands Brothers, had already flown to California. The NYSE also informed Counsel in its late notice that there would be a one-day adjournment of the hearing.

8. On April 15th and 16th and prior to the appearance of counsel for Respondent, I contacted David L. Carey, Staff Attorney at the NYSE. Mr. Carey advised me that the position of Director of Arbitration was vacant.

9. Oral argument proceeded before Judge Tolub. The NYSE was represented during oral argument by NYSE's counsel Douglas Henkin, Esq.

10. The Exchange violated its own rules regarding the replacement of arbitrators by permitting someone other than the Director of Arbitration to appoint replacement arbitrators. Additionally, the Exchange violated its own rules by denying the parties to the arbitration the opportunity to review the biographical information of the replacement arbitrators and challenge the arbitrators for cause. As such the Respondent's motions should be denied.

WHEREFORE, it is respectfully requested that Respondent's Motion to Vacate TRO and Motion to Dismiss should be denied, together with such other and further relief as this court deems just and proper.

Dated: New York, New York
       June 24, 2004

Respectfully submitted,

By: _____
Liam O'Brien, Esq. (LO3930)
Liam O'Brien & Associates P.C.
Attorneys for Respondent
The Graybar Building
420 Lexington Avenue
Suite 244
New York, New York 10170
866-853-0931

Liam O'Brien
LIAM O'BRIEN & ASSOCIATES P.C.

The Graybar Building
420 Lexington Avenue, Suite 244
New York, New York 10170
(866) 853-0931
*Attorneys for Petitioner Sands Brothers, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Matter of

SANDS BROTHERS INC.,

      Petitioner,

  v.

NEW YORK STOCK EXCHANGE, INC.

      Respondent.

04 Civ. 02984 (JFK)
ECF CASE

---

**MEMORANDUM OF LAW IN OPPOSITION TO THE RESPONDENT'S
MOTION TO VACATE TRO AND MOTION TO DISMISS THIS ACTION**

# TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| STATEMENT OF FACTS | 2 |
| I. The Director Of Arbitration Did Not Replace The Hearing Arbitrators As Required By The NYSE Arbitration Code | 3 |
| II. The Parties To The Arbitration Were Denied the Right To Challenge the Replacement Arbitrators For Cause | 4 |
| III. The Order Respondent Seeks To Vacate Is Of Limited Duration | 6 |
| IV. This Court Has The Authority To Make This Order A Final Order Of Limited Duration | 7 |
| V. Sands Brothers Has Satisfied The Standard For Preliminary Injunctive Relief | 8 |
| VI. New Arbitration Dates Must be Scheduled | 10 |
| CONCLUSION | 11 |

# TABLE OF AUTHORITIES

**Page(s)**

*Aviall v. Ryder Sys., Inc.,*
    110 F.3d. 892, 110 F. 3d. 892 (2d Cir. 1997)..................................................10

*Forest City Daly. Hous., Inc., v.Town of North Hempstead,*
    175 F.3d. 144,149 (2d. Cir. 1999) ....................................................................7

*Guinness-Harp Corp. v. Jos. Schlitz Brewing Co.,*
    613 F.2d. 468 (2d. Cir. 1980) ............................................................................7

*Manning v. Energy Conversion Devices, Inc.,*
    833 F.2d. 1096, 1100-1101 (2d. Cir. 1980) .......................................................7

*National Planning Corp.v . Aschaltz,*
    Civil No. 02-CV-0196E, 2002 WL 31906336 (WDNY 2002).........................10

*Tabolich v. NASD Dispute Resolution,*
    Civil No. 04-1385 ADM/AJB (D. Minn. April 2004) ..................................5, 6

*United States v. Sun and Sand Imports, Ltd.,*
    725 F. 2d. 184 (2d. Cir. 1984) ...........................................................................7

## Preliminary Statement

Petitioner, Sands Brothers & Co., Ltd., ("Sands Brothers"), by their attorneys, Liam O'Brien & Associates P.C., respectfully submits this Brief in Opposition to the Respondent's Motion to Vacate TRO and Motion to Dismiss this action.

## Statement of Facts

Sands Brothers is a broker-dealer and a member firm of the National Association of Securities Dealers. The litigation before this Court arises from the actions taken by the New York Stock Exchange immediately before the commencement of the scheduled NYSE arbitration hearing captioned, Chiao Lan Huang v. Sands Brothers & Co., Ltd., et. al., NYSE Arbitration No. 01-009338. Claimant Chiao Lan Huang was a customer of Sands Brothers.

Pursuant to the terms of Ms. Huang's new account agreement, Ms. Huang sought to arbitrate a dispute with Sands Brothers through the New York Stock Exchange ("Exchange"). The hearing was scheduled for April 19-21, 2004 in California.

On Friday, April 16, 2004, the Exchange replaced two of the three hearing arbitrators. Notice of the replacement was not sent until after the close of business on Friday. Notice was not received by Counsel for Sands Brothers until April 19, 2004, the first day of the scheduled arbitration hearing. At which point, Richard Roth, arbitration counsel for Sands Brothers, had already flown to California. The NYSE also informed Counsel in its late notice that there would be a one-day adjournment of the hearing.

Faced with no alternative and with no idea that the NYSE was appointing arbitrators, Sands Brothers was forced to seek a TRO in New York State Supreme Court on Monday, April 19, 2004. Oral argument proceeded before Judge Tolub. The NYSE was represented during oral argument by NYSE's counsel Douglas Henkin, Esq.

The Exchange violated its own rules regarding the replacement of arbitrators by permitting someone other than the Director of Arbitration to appoint replacement arbitrators. Additionally, the Exchange violated its own rules by denying the parties to the arbitration the opportunity to review the biographical information of the replacement arbitrators and challenge the arbitrators for cause. As such the Respondent's motions should be denied.

I. **The Director Of Arbitration Did Not Replace The Hearing Arbitrators As Required By The NYSE Arbitration Code**

As there was no Director of Arbitration at the Exchange on April 16, 2004, the arbitrator replacement process was clearly and irreparably defective. See Affirmation in Support of Liam O'Brien at ¶8.

According to the *Voluntary Supplemental Procedures for Selecting Arbitrators*, cited by Respondent's Counsel as the foundation for Respondent's Motion to Dismiss and related Motion to Vacate TRO, only the Director of Arbitration had authority to fill the arbitrator vacancies prior to hearing. See NYSE Arbitration Rules, pp. 33-38; See also Respondent's Memorandum of Law in Support of Motion to Vacate TRO pp 2,4,7.

Section (B)(4)(a) of the *Voluntary Supplemental Procedures for Selecting Arbitrators*, titled Filling Vacancies of Arbitrators, states in relevant part:

> If an arbitrator must withdraw before the first hearing date, the **Director** will invite the next arbitrator on the parties' list to fill the vacancy. If there are no remaining names, or if the vacancy cannot be filled from the names on the lists, the **Director** will randomly appoint an arbitrator. [emphasis added].

NYSE Arbitration Rules page 36. The Director of Arbitration is defined as an officer or employee of the Exchange designated by the Chairman of the Board under

3

NYSE Arbitration Rule 635. Rule 635 states in relevant part:

> The Chairman of the Board, shall designate one of the officers or other employees of the Exchange as Director of Arbitration. The Director of Arbitration shall be charged with the duty of performing all ministerial duties in connection with matter submitted for arbitration pursuant to these Rules.

NYSE Arbitration Rule 635, page 29. There was no Director of Arbitration in office on April 16, 2004. The prior Director had resigned and the current Director had not yet been appointed. We ask this Court to take notice that Karen Kupersmith, Director of Arbitration for the Exchange, did not state that she held the position of Director of Arbitration on April 16, 2004 in the Declaration attached to Respondent's Order to Show Cause. See Kupersmith Declaration. The NYSE has not identified the person who selected the replacement arbitrators in violation of the NYSE Arbitration Code.

As such, the Exchange violated its own rules regarding the selection of replacement arbitrators and Respondent's motions should be denied.

## II.   The Parties To The Arbitration Were Denied the Right To Challenge the Replacement Arbitrators For Cause

As the Exchange did not advise counsel for Sands Brothers of the replacement of arbitrators until April 19, 2004, Sands Brothers was denied its right to review the biographical information of the replacement arbitrators and, if necessary, challenge the replacement arbitrators for cause.

The NYSE Arbitration Rules create several safeguards in order to maintain the integrity of the arbitration process. Those safeguards include the right of a party to challenge an arbitrator for cause. NYSE Arbitration Rule 609(b) states in relevant part:

> There shall be unlimited challenges for cause. A challenge for cause to a particular arbitrator will be granted where it is reasonable to infer an absence of impartiality, the presence of bias or the existence of some interest on the part of the arbitrator in the outcome of the arbitration as it affects one of the parties.

4

NYSE Arbitration Rule 609, page 12. We note that Respondent makes no attempt to suggest that Rule 609 in its entirety does not apply to this matter. Respondent only argues that under the *Voluntary Supplemental Procedures for Selecting Arbitrators*, Rule 608 and 611 are replaced by the List Method and that Petitioner is denied peremptory challenges afforded under Rule 608 and 609. See Respondent's Memorandum of Law p.7

Moreover, Respondent fails to acknowledge that the *Voluntary Supplemental Procedures for Selecting Arbitrators* are consistent with NYSE Rule 608 in several important respects. For example, Section (B)(4)(a) contains a sub-section which is entitled Vacancies of Arbitrators which states in relevant part:

> You will receive the arbitrator's biographical profile and his or her last three NYSE arbitration decisions, if any, for the last 10 years. You may ask the Director for additional information on the proposed arbitrator's background. You may challenge the arbitrator for cause.

NYSE Arbitration Rules page 36. Rule 608 similarly states:

> The Director of Arbitration shall inform the parties of the name and employment history of the replacement arbitrator for the past ten years, as well as information disclosed pursuant to Rule 610, as soon as possible. A party may make further inquiry of the Director of Arbitration concerning the background of the replacement arbitrator and within the time remaining prior to the first hearing session or the ten day period provided under Rule 609, whichever is shorter, may exercise its right to challenge the replacement arbitrator as provided in Rule 609.

The only significant difference between the two rules, 608 and 609, and the List Method associated with the *Voluntary Supplemental Procedures for Selecting Arbitrators* is the right to peremptory challenge. It can not be argued that replacement arbitrators can show up the day of hearing, essentially the fact pattern before this Court, without the parties having been afforded a reasonable opportunity to review the replacement

5

arbitrators' biographical information and the opportunity to make a challenge for cause, if necessary.

The NYSE Arbitration Rules clearly envision a thoughtful process in which all the parties, Claimants and Respondents, have a full and fair opportunity to review the biographical information of replacement arbitrators and make any challenges for cause accordingly. Moreover, the rules actually go further; they allow the parties the opportunity to "...ask the Director for additional information on the proposed arbitrator's background..." Ibid. Respondent now treats this process with disdain, as if it were a luxury.

The Arbitration Rules do no simply exist for the expediency of the Exchange. First and foremost, they exist to maintain the integrity of the arbitration process. If a party has no opportunity to review an arbitrator's biographical information and, if necessary, to challenge an arbitrator for cause, the Exchange undermines the very process it has created. As such, Respondent's motions should be denied.

### III.  The Order Respondent Seeks To Vacate Is Of Limited Duration

The Order that Respondent is attempting to vacate state:

The NYSE to suspend arbitration proceedings pursuant to NYSE Rules 608, 609 and 611 in Huang v. Sands Brothers until a Panel is properly constituted, the parties have been afforded a fair opportunity to review the arbitrator's background and, finally, proffer their objections, if any.

Petitioner, Sands Brothers, has never argued that the matter between Sands Brothers and Huang is not arbitrable. After all, Sands Brothers drafted the arbitration clause in the Huang client agreement. As such, this matter is clearly distinguishable from Tabolich v. NASD Resolution, Inc., cited in Respondent's Memorandum of Law in support of dismissal. See Tabolich v. NASD Dispute

6

Resolution, Civil No. 04-1385 ADM/AJB, (D. Minn. April 2004); See also Respondent's Memorandum of Law p. 9

Nor has Petitioner ever argued that Respondent NYSE is an inappropriate forum for the arbitration. The Order Petitioner sought and was granted in the Supreme Court of the State of New York (J. Tolub J.S.C.) merely requires the Exchange to abide by its own rules regarding arbitrator Panel composition and that all the parties to the arbitration be given reasonable time to review the arbitrator's background and, make challenges, if necessary.

The Order exists merely to maintain the status quo between the arbitration parties until Respondent cures the defect it created. The duration of the order is limited and rests squarely on the shoulders of Respondent. Respondent has the power to remove the condition of the order in mere weeks.

In fact, we note that Respondent's Order to Show Cause seeks to vacate the above-mentioned order of the Supreme Court and dismiss this action. It is not a motion to compel arbitration. Respondent is fully aware that Petitioner wishes to resolve this matter at arbitration in the forum created by Respondent and in accordance with the NYSE Arbitration Rules.

### IV. This Court Has The Authority To Make This Order A Final Order Of Limited Duration

Normally, a preliminary injunction is preliminary to further proceedings in a district court; if the Petitioner prevails, he is entitled to a "final injunction". However, in some circumstances a Petitioner seeks injunctive relief that is preliminary not to further district court proceedings, but to proceedings in some other forum. The relief sought may be simply maintenance of the status quo. See Manning v. Energy Conversion Devices,

Inc., 833 F.2d. 1096, 1100-1101 (2.d. Cir. 1980); see also Guinness-Harp Corp. v. Jos. Schlitz Brewing Co., 613 F.2d. 468 (2d.Cir. 1980) (injunction to maintain status quo of the parties pending arbitration)    The Court in Manning noted:

> Technically, the party seeking such interim relief and the party opposing such relief each have two opportunities to prevail...However, in some cases the relief granted, though labeled a "preliminary injunction" is for all practical purposes a "final injunction", albeit one of limited duration, because the parties have made it clear that they have no intention of returning to the district court for further litigation.  See United States v. Sun and Sand Imports, Ltd., 725 F. 2d. 184 (2d. Cir. 1984)

In the instance before this Court, the Court has the authority to make the TRO a final injunction of limited duration.  The Court may simply set a deadline by which Respondent must abide by the terms of Judge Tolub's Order and the arbitration could proceed. No further action by this Court would be necessary.

## V.   Sands Brothers Has Satisfied The Standard For Preliminary Injunctive Relief

To obtain a preliminary injunction a party must demonstrate: (1) that it will be irreparably harmed if an injunction is not granted, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation, and a balance of the hardships tipping decidedly in its favor. See Forest City Daly. Hous., Inc., v.Town of North Hempstead, 175 F.3d. 144,149 (2d. Cir. 1999).

### A.   Sands Brothers Can Demonstrate A Likelihood of Success

We believe that Petitioner has demonstrated that the Exchange has violated its own rules and procedures regarding Panel composition by failing to properly appoint replacement arbitrators, by denying the parties to the arbitration the opportunity to review the arbitrator's background and denying the parties the opportunity to make challenges for cause, if necessary.  As such, we humbly submit that success on the merits is not

merely possible, but probable.

**B.    Sands Brothers Will Suffer Irreparable Harm**

Among the most significant reasons that parties enter into agreements to arbitrate claims is to obtain finality. In the instance before this Court, the Exchange seeks to go forward with a hearing that is tainted from the very start. Should the Exchange succeed, after significant time and expense to the Claimant and Respondents in the arbitration, the Panel will enter an award. The dissatisfied party, whether Ms. Huang or Sands Brothers, will in all likelihood immediately move to have the result vacated because of the tainted Panel composition process. Thus, this matter will be dropped back into the lap of another District Court.

**C.    The Harm To The Parties To The Arbitration**

In all likelihood, the parties will have to go through the substantial time and expense associated with this process again. There is no way to recover the cost associated with the Exchange's negligence since the Exchange will surely cry immunity. So much for finality.

This Court should consider that the public policy in favor of arbitration is at stake here. Parties do not enter arbitration agreements for the privilege of litigating the same issues over and over again.

**D.    The Harm To Respondent**

None, the Court may simply order the Exchange to abide by its own rules and procedures and do so with due haste. The issue can be resolved in a matter of weeks. Thus, insuring that the rights of the parties are protected and the likelihood of additional litigation is substantially reduced.

Respondent has argued "even if Sands Brothers did believe that any arbitrators

9

were biased against it, the FAA prohibits courts from entertaining challenges to an arbitrator's partiality before an award has been entered". See Respondent's Memorandum of Law p. 9. The cases the Exchange cites in Footnote 32 of their Memorandum of Law for this proposition are clearly distinguishable. In National Planning Corp. v. Aschaltz, Plaintiffs sought to remove an NASD Panel because Plaintiff's Counsel had failed to submit an NASD Arbitrator Ranking Form by the stated deadline. See National Planning Corp.v. Aschaltz, Civil No. 02-CV-0196E, 2002 WL 31906336 (WDNY 2002). In Aviall Inc. v. Ryder Sys. Inc., Plaintiff sought to remove Defendant's auditor as arbitrator on grounds of partiality. See Aviall v. Ryder Sys., Inc., 110 F.3d. 892, 110 F. 3d. 892 (2d. Cir. 1997).

Respondent's argument misses the point entirely, Sands Brothers was never given the opportunity to review the arbitrator's background and challenge for cause, a right it is entitled to under NYSE Arbitration Rules. Had Petitioner challenged an arbitrator for cause and NYSE rejected the challenge Respondent would have legitimate basis for success. Under this alternative fact-pattern, there would be no basis for a claim under the FAA until after the arbitration had occurred. Of course, under that fact pattern Petitioner would not have had to seek injunctive relief to protect its rights and the arbitration would have already occurred.

In this instance, the Exchange has violated its own rules and procedures, the harm to Petitioner can be avoided entirely and the harm to Respondent is non-existent.

## VI.   New Arbitration Dates Must Be Scheduled

Following the issuance of the TRO by Judge Tolub, Sands Brothers arbitration counsel Richard Roth, Esq. attempted to negotiate a resolution of the dispute. The parties and the NYSE agreed to the alternative hearing dates of July 12-15, 2004. However, the

NYSE drafted a stipulation which encumbered the agreement with numerous provisions that Sands Brothers had not agreed to. The NYSE refused to negotiate the stipulation and the agreement fell apart.

Sands Brothers' arbitration counsel is no longer available on July 12-15, 2004. Richard Roth has previously scheduled hearings on July 12th and 13th and a two day expedited court ordered hearing on July 14th and 15th. Mr. Roth is willing to provide a copy of his schedule to the Court and also intends to appear telephonically at the conference now scheduled for July 1, 2004 to answer any questions the Court may have regarding his schedule.

## Conclusion

Based upon the strong arguments in opposition to Respondent's motion to vacate TRO and motion to dismiss, we ask that you find for Petitioner and grant a final injunction of limited duration ordering:

- As a result of its obstreperous conduct, the NYSE is to pay Respondent costs relating to the proceedings in New York Supreme and the United States District Court for the Southern District;

- The NYSE's Director of Arbitration to appoint replacement arbitrators;

- The NYSE to Grant the parties a reasonable period of time (not less than one week) to request additional information regarding the replacement arbitrators from the Director of Arbitration;

- The NYSE to allow the parties a reasonable period of time (not less than one week) from receipt of the supplement arbitrator information to challenge the arbitrators for cause; and,

- The properly constituted Panel and the parties to select mutually agreeable hearing dates.

Respectfully submitted,

By: _____
Liam O'Brien, Esq. (LO3930)
Liam O'Brien & Associates P.C.
Attorneys for Respondent
The Graybar Building
420 Lexington Avenue
Suite 244
New York, New York 10170
866-853-0931

To:
Douglas W. Henkin
Milbank, Tweed, Hadley & McCloy LLP
Attorneys for Respondent
One Chase Manhattan Plaza
New York, NY 10005
(212) 530-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
Matter of                                                                                        04 Civ. 02984 (JFK)
Sands Brothers, Inc.
                                                                                                        The Honorable
                                        Petitioner,                                                John F. Keenan

            -against-                                                                          **Affidavit of Service**

New York Stock Exchange

                                        Respondent,
-----------------------------------------------------------X

### Affidavit of Service

1) I am not a party to this action and I am over 18 years of age.

2) I reside at 51 Prospect Ridge, Apt. # 12, Ridgefield, CT 06877.

3) I am employed by Liam O'Brien & Associates, P.C., 420 Lexington Avenue, Suite 244, New York, New York 10170.

4) On June 24, 2004, I served true copies of the Memorandum of Law in Opposition to Respondent's Motion to Vacate TRO and Motion to Dismiss and the Affirmation in Opposition on the following:

Milbank Tweed Hadley & McCloy LLP
Attn: Douglas Henkin, Esq.
One Chase Manhattan Plaza
New York, NY 10005

4) I made such service by delivering the aforementioned documents by hand.

Jennifer Miller
Legal Assistant

Sworn to before me on
June 24, 2004

ALISON A. FUMO
Notary Public, State of New York
No. 24-4916018
Qualified in Kings County
Commission Expires December 21, 20__